**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO.:                                       DIV.:

**ROBERT C. TANNEN and JEANNE NATHAN**

**VERSUS**

**SUBARU OF AMERICA, INC. and SUBARU CORPORATION**

FILED:_____      _____
                                                                   DEPUTY CLERK

### PETITION FOR DAMAGES FOR PERSONAL INJURIES

TO THE HONORABLE CIVIL DISTRICT COURT FOR THE PARISH ORLEANS, STATE OF LOUISIANA, AND THE JUDGES THEREOF:

The Petition of ROBERT C. TANNEN and JEANNE NATHAN, who are legal residents of Orleans Parish, Louisiana, through undersigned counsel, respectfully alleges:

1.

a) SUBARU OF AMERICA, INC made defendant herein, is a foreign corporation, subject to the jurisdiction of this Honorable Court.

b) SUBARU CORPORATION, made defendant herein, is a foreign corporation, subject to the jurisdiction of this Honorable Court.

2.

ROBERT C. TANNEN and JEANNE NATHAN are resident of New Orleans, Louisiana, married to each other and are the owners of a 2005 Subaru Forrester automobile.

3.

Defendant Subaru Corporation (formerly known as Fuji Heavy Industries, Ltd.) is a Japanese corporation with its principal place of business in Tokyo, Japan. Subaru Corporation is engaged in the business of designing, manufacturing, warranting, marketing, advertising, selling, and servicing Subaru vehicles around the world, including through a network of more than 600 dealerships in the United States.

4.

Defendant Subaru of America, Inc., is a New Jersey corporation with its principal place of business located in Camden, New Jersey. Subaru of America operates as a wholly owned U.S. sales and marketing subsidiary of Defendant Subaru Corporation. It distributes, advertises, markets, sells, warrants and services Subaru vehicles in the United States.

5.

The design, manufacture, distribution, service, repair, modification, and installation of the 2005 Subaru Forrester owned by plaintiffs were controlled exclusively by Subaru Corporation, Subaru of America, and their agents and affiliates.

2023-10463 Case 2:24-cv-00759-LMA-JVM Document 1-2 Filed 03/26/24 Page 2 of 6

L

Section 6

FILED
2023 SEP 07 A 10:36
CIVIL
DISTRICT COURT

6.

There exists, and at all relevant times existed, a unity of ownership between Subaru Corporation, Subaru of America, and their agents such that any individuality or separateness between them has ceased and each of them is the alter ego of the others.

7.

Subaru of America communicates with Subaru Corporation concerning virtually all aspects of the Subaru products Subaru of America distributes, sells, warrants, and services within the United States, including appropriate repairs for defects and whether Subaru will repair defective parts and assemblies.

8.

Subaru Corporation and Subaru of America jointly develop sales and marketing materials, advertisements, owner's manuals, warranty booklets, and maintenance recommendations and schedules for the Subaru Forrester, as well as Technical Service Bulletins that Subaru issues to authorized dealerships to address known defects.

9.

On September 7, 2022, Plaintiff, Robert C. Tannen was seated in his Subaru Forrester, which was parked in front of his residence with the engine off and the gear shift in the park position while he completed a telephone call. When his phone battery became low, Mr. Tannen turned on the car so the phone could charge while he finished the telephone call. The vehicle's transmission was still in "park", and both of Mr. Tannen's feet were on the vehicle floor (not on the accelerator or brake pedal) of his Subaru Forrester. Suddenly and without warning the vehicle accelerated at a high rate of speed and crashed into an oak tree, causing the air bags to deploy. The sudden and unintended acceleration occurred while the vehicle gear shift was in park, and Mr. Tannen's feet were on the vehicle floor and not on the accelerator.. The gear shift was still in the park position when the car came to a rest after colliding into an oak tree.

10.

The aforesaid collision proximately resulted from a defect in the design, manufacture, distribution, service, repair or installation of a component of the Subaru Forrester, which caused unintended acceleration of the vehicle.

11.

Subaru is and at all relevant times has been aware of the defect in the Forrester which causes sudden unintended acceleration.

12.

Subaru has received numerous complaints from consumers about this issue, including directly from consumers and indirectly through its authorized dealerships, which are agents of Subaru. Consumers also routinely present their Vehicles to Subaru's dealerships for a defect-

Section 6

related repair, placing Subaru on notice of the issue because Subaru has access to and receives data from its authorized dealerships concerning defects and repairs.

13.

Subaru also had knowledge of the numerous complaints concerning sudden unintended acceleration to the National Highway Traffic Safety Administration and on consumer forums dedicated to Subaru ownership, all of which Subaru routinely monitors.

14.

Because of Subaru's actions, plaintiffs have suffered serious injuries and damages. Specifically, Robert C. Tannen suffered two fractured legs and injuries to his nerves and nervous systems in addition to other physical and emotional injuries, that will be shown at trial. Mr. Tannen underwent surgeries and was hospitalized for an extended time as a result of his injuries.

15.

Jeanne Nathan suffered a loss of consortium as a result of her husband's severe physical injuries and long term hospitalization and rehabilitation that were necessitated by his injuries.

16.

As a further result of the collision, petitioners, Robert C. Tannen and Jeanne Nathan have suffered financial losses including past, present and future medical and medically related expenses and past, present and future loss of income.

15.

Defendants engaged in fraud or fraudulent concealment when they made material omissions concerning a presently existing or past fact. For example, Defendants did not fully and truthfully disclose to its customers the true nature of the inherent defect causing unintended acceleration. A reasonable consumer would have expected that the Forrester would not be defective and pose a serious safety risk.

16.

Defendants had a duty to disclose the true performance of the Subaru Forrester because knowledge of the defect and its details were known and/or accessible only to Defendants; Defendants had superior knowledge and access to the facts; and Defendants knew the facts were not known to, or reasonably discoverable by, Plaintiffs. Defendants also had a duty to disclose because they made many general affirmative representations about the qualities of their vehicles with respect to its safety, and general operability, which were misleading, deceptive, and incomplete without the disclosure of the additional facts set forth above regarding the actual performance of their vehicles.

2023-10463
L
Section 6
Case 2:24-cv-00759-LMA-JVM   Document 1-2   Filed 03/26/24   Page 4 of 6
FILED
2023 SEP 07  A 10:36
CIVIL
DISTRICT COURT

17.

Had Plaintiffs known about the defective nature of the Subaru Forrester and the unintended acceleration, they would not have purchased the vehicle.

18.

As a result, Plaintiffs were fraudulently induced to purchase the Subaru Forrester with the said defects and all of the resulting problems.

19.

These omissions were made by Defendants with knowledge of their falsity, and with the intent that Plaintiffs rely upon them.

20.

Plaintiffs reasonably relied on these omissions, and suffered damages as a result. To the extent that Defendants' conduct was willful, oppressive or malicious, Plaintiffs are entitled to an award of punitive damages.

21.

Plaintiffs aver that defendants breached implied and/or express warranties made defendants with regard to the Subaru Forrester. Defendants expressly warranted that the Subaru Forrester was of high quality and, at a minimum, would actually work properly. Defendants specifically warranted attributes and qualities of the Subaru Forrester including with respect to performance, quality, operability, convenience, and safety.

22.

Defendants also expressly warranted that they would repair and/or replace defects in material and/or workmanship free of charge that occurred during the applicable warranty periods.

23.

Defendants breached their warranties by selling to Plaintiffs a Subaru Forrester with known safety problems, which was not of high quality, and which was predisposed to fail to function properly, presenting an unreasonable safety risk.

24.

As a result of Defendants' actions, Plaintiffs have suffered economic damages including, but not limited to, costly repairs, loss of vehicle use, diminished value, substantial loss in value and resale value of the vehicles, and other related damages.

25.

A warranty that the Subaru Forrester was in merchantable quality and condition is implied by law in transactions for the purchase Subaru Forrester. Defendants impliedly warranted that the Subaru Forrester was of good and merchantable condition and quality, fit for its ordinary intended use, including with respect to safety, reliability, operability, and substantial

2023-10463

Case 2:24-cv-00759-LMA-JVM   Document 1-2   Filed 03/26/24   Page 5 of 6

FILED
2023 SEP 07  A 10:36
CIVIL
DISTRICT COURT



Section 6 — freedom from defects.

26.

The Subaru Forrester was, when sold, and at all times thereafter, not in merchantable condition and was not fit for the ordinary purpose for which vehicles are used. Specifically, the Subaru Forrester was inherently defective in that it had sudden unintended acceleration problems. The defect renders the Subaru Forrester unmerchantable, as it is unreliable, unsafe, partially or fully inoperable, and not substantially free from defects.

27.

Defendants were provided notice of the issues complained of herein by numerous complaints filed against them, and the filing of the instant lawsuit, within a reasonable amount of time.

28.

As a direct and proximate result of the breach of said warranties, Plaintiffs were injured, and are entitled to damages.

29.

As the intended and expected result of its conscious wrongdoing, Defendants have profited and benefited from the purchase of the Subaru Forrester equipped with defective components causing unintended acceleration.

30.

Defendants have been unjustly enriched by their fraudulent, deceptive, unlawful, and unfair conduct, and withholding of benefits and unearned monies from Plaintiffs, at the expense of plaintiffs. Equity and good conscience militate against permitting Defendants to retain these profits and benefits.

WHEREFORE, petitioners ROBERT C. TANNEN and JEANNE NATHAN pray that defendants, SUBARU OF AMERICA, INC. and SUBARU CORPORATION be served with process herein and be duly cited to appear and answer according to the law and that, after all legal delays and due proceedings had, there be judgment in favor of petitioners ROBERT C. TANNEN and JEANNE NATHAN against defendants, SUBARU OF AMERICA, INC. and SUBARU CORPORATION jointly, severally, and *in solido*, for all sums as are reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for all costs and disbursements of these proceedings. Petitioner further prays for all general and equitable relief.

2023-10463 Case 2:24-cv-00759-LMA-JVM Document 1-2 Filed 03/26/24 Page 6 of 6

L
Section 6

FILED
2023 SEP 07 A 10:36
CIVIL
DISTRICT COURT

Respectfully submitted,

**RANNALS LAW**

BY: _____
TRACEY RANNALS, Esq., 22560
400 Poydras Street, Suite 900
New Orleans, Louisiana, 70130
504-500-0517
Tracey@RannalsLawFirm.com
**Attorney for Petitioners**

**PLEASE SERVE:**

**SUBARU OF AMERICA, INC.**
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

and

**SUBARU CORPORATION**
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

A TRUE COPY
_____
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA